Filed 5/14/26  P. v. Derby CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B341294 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.SA100458) |
| v. | |
| PAUL RAYMOND DERBY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge.  Reversed and remanded, with directions.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jonathan Kline and Megan Moine, Deputy Attorneys General, for Plaintiff and Respondent.

Paul Raymond Derby appeals from the judgment and sentencing following his admission that he violated the terms of his probation. Specifically, Derby admitted a probable cause arrest for an offense that he committed after the expiration of his probation period. The parties agree that the trial court erred by finding Derby violated probation based on an arrest that occurred after his probation expired, but they disagree on the appropriate disposition. Derby contends that the trial court's probation violation finding and the sentence must be stricken. The People argue that the matter must be remanded to the trial court to determine whether Derby violated his probation by deserting probation during the probationary period.

We reverse the trial court's judgment and remand the matter for further proceedings.

## PROCEDURAL HISTORY[1]

A felony complaint filed on May 22, 2019, alleged that Derby committed domestic violence on or about February 24, 2018. (Pen. Code,[2] § 273.5, subd. (a).)

On August 11, 2020, Derby pleaded no contest to the charge. The court placed Derby on three years formal probation and ordered Derby to complete 45 days of community service and a 52-week domestic violence counseling program.

---

[1] We omit a discussion of the facts of Derby's offense as it is not necessary to our resolution of the case.

[2] All further statutory references are to the Penal Code.

On September 22, 2021, the court revoked Derby's probation because Derby failed to make progress on his court-ordered obligations and failed to report to his probation officer as required. The court issued a bench warrant.

On October 28, 2021, the court found Derby was not in violation of probation and reinstated probation.

On February 14, 2022, the court again revoked Derby's probation because Derby failed to show progress toward completing community service and also failed to report to his probation officer.

On April 29, 2022, the court found Derby in violation of probation because he failed to provide proof that he participated in community service. The court then reinstated probation and ordered Derby to serve 45 days in county jail.

On July 7, 2022, the court found Derby in compliance with all conditions and ordered probation to expire on the originally imposed date of August 10, 2023.

On December 27, 2022, the court again revoked probation, this time because Derby deserted probation. The court ordered a bench warrant issued and held until January 26, 2023.

On January 26, 2023, the court held a hearing where Derby's counsel appeared, but Derby did not. The court determined that Derby had not been reporting and his whereabouts were unknown. The court again confirmed that probation would expire on August 10, 2023, and it issued the bench warrant.

On July 3, 2024, Santa Monica Police Department officers arrested Derby for violating section 273.5, subdivision (a) in an incident that occurred on July 2, 2024.

On July 8, 2024, the court held a bench warrant hearing. At the hearing, the People filed a motion requesting that Derby's probation be revoked, Derby be remanded, and the matter be calendared for further proceedings. The motion alleged that Derby had violated probation by committing domestic violence, resisting arrest, and possessing controlled substances. The motion averred that a new prosecution had been declined because the matter was referred to the City Attorney for misdemeanor filing consideration. The court recalled the warrant and ordered probation to remain revoked.

Although he was in custody at the time, Derby was not present in court for the July 29, 2024 probation violation hearing; Derby's counsel appeared. The court noted that the facts of Derby's alleged violation of section 243, subdivision (e)(1), misdemeanor domestic violence battery, were similar to those of the present case, but involved a different victim. The court stated that Derby could not be placed on probation again without setting a new term of probation because Derby's probation expired on August 10, 2023. The court continued the hearing until August 7, 2024.

In a hearing on August 7, 2024, Derby admitted he violated probation by suffering a probable cause arrest on July 3, 2024. The court terminated probation and sentenced Derby to the low term of two years in state prison.

On October 2, 2024, Derby filed a notice of appeal and requested a certificate of probable cause, which was subsequently granted.

## DISCUSSION

We agree with the parties that the trial court lacked the authority to find that Derby violated probation based on his arrest for an offense that allegedly occurred on July 2, 2024, after Derby's probation period expired on August 10, 2023. "[S]ummary revocation of probation preserves the trial court's authority to adjudicate a claim that the defendant violated a condition of probation during the probationary period." (*People v. Leiva* (2013) 56 Cal.4th 498, 515.) As a result, "a trial court can find a violation of probation and then reinstate and extend the terms of probation 'if, and only if, probation is reinstated based upon a violation that occurred during the unextended period of probation.' [Citation.]" (*Id*. at p. 516.) Because the arrest in this case took place almost a year after the probationary period expired, the trial court improperly exceeded its authority.

However, Derby came before the trial court on a bench warrant after allegedly deserting probation sometime before December 22, 2022, over a year and a half before his probation expired. We therefore remand the matter to the court to determine whether Derby violated probation on this basis.

## DISPOSITION

We reverse the trial court's judgment and remand the matter for further proceedings, including for the trial court to determine whether Derby violated probation by deserting probation prior to the expiration of the probation period.

NOT TO BE PUBLISHED.

MOOR, J.

WE CONCUR:

HOFFSTADT, P. J.

BAKER, J.